## GUENTHER v. GUENTHER.

5-128         258 S. W. 2d 562

Opinion delivered June 8, 1953.

*Jay W. Dickey* and *John Harris Jones,* for appellant.

*J. T. Wimberly* and *Johnson & Lovett,* for appellee.

GEORGE ROSE SMITH, J. This is a family dispute involving the ownership of a tractor, a cow, and a calf. Ben Guenther, the appellee, brought this suit in replevin

to recover possession of these chattels from his son, Leroy. At the close of the plaintiff's case the defendant moved to dismiss the action upon the ground that the plaintiff's evidence showed the parties to be joint owners of the property and that therefore the plaintiff could not maintain replevin. It is the court's denial of this motion that is principally urged as error.

In passing upon the motion the trial judge was required to view the evidence most favorably to the plaintiff, and the same rule is followed on appeal. We do not think it can be said that there was no substantial evidence of the father's sole ownership of the tractor and cattle.

Ben Guenther testified that in 1945 he bought the tractor from Rosa Svesta for $1,000. He did not have a bill of sale, but there is no requirement that an executed contract for the sale of personal property be evidenced by a writing. The Guenther family farmed together until the spring of 1951, when a dispute arose and the family split into two groups. Ben referred to this as a dissolution of the partnership and stated that he "gave" Leroy a half interest in the tractor provided Leroy paid Ben $500 in the fall, or, if Leroy preferred, Ben would pay Leroy $500 and retake the machine. According to Ben, he retained ownership until the $500 was paid. On cross-examination Ben explained that he was trying to help his son, "and I was giving him the good end of the deal if he wanted to take it." There is no contention that either ever paid the other the $500. Leroy, to the contrary, defended upon the assertion that it was he who bought the tractor from Mrs. Svesta and who has owned it ever since.

The jury evidently believed Ben's account of the original purchase, and upon that premise the other testimony is open to two interpretations. From Ben's reference to a partnership the jury might have inferred that Ben contributed the tractor as an asset in the venture. But it could also be concluded that Ben, as the sole owner of the machine, made a gratuitous offer to sell the property to Leroy in the autumn. There is no contention that

this offer was accepted or acted upon, and if it was without consideration it would of course be revocable. Taking the testimony as a whole, we think an issue was made for the jury.

As to the cow and calf, Leroy testified that they were given to him by his mother. But Ben testified that he owned the cow by virtue of having raised her and that he merely lent the animal to his wife at a time when the couple were living apart. The calf was born while the cow was in Mrs. Guenther's custody. Even though Ben also stated that the cow and calf were as much his wife's as his as long as Mrs. Guenther remained in the family home, the proof sufficiently sustains the jury's conclusion that the appellee was actually the owner of both animals.

Affirmed.

WARD, J., dissents in part.